# Dilks & Knopik

**Purchase and Assignment Agreement**

This Purchase and Assignment Agreement (the "Agreement") is entered into as of Tuesday, October 18, 2016 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and Kristin R. Winchester with an address of 1216 Timea Keokuk, IA 52632 (the "Assignor").

## 1. Recitals

1.1 Assignor is/was a properly named and lawful creditor in Timothy David & Joan Catherine Rettmann (11-24864-MLB) as filed in the Western District Of Washington (the "Case"). As a creditor in the Case, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amount of $2,642.23 (the "Funds"). Remittance Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

1.2 Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does sell, assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties ag as follows:

## 2. Assignment of Interest.

2.1 *Assets Assigned*. The assets herein are assigned to Assignee are those stated in paragraph 1.1 above, or if more tha one creditor claim was made in the Case those identified in Schedule 1, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in Unclaimed Funds Registry.

2.2 *Assignment of Interest*. As herein contemplated, Assignor, without recourse, hereby does sell, assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his/her/its free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Func to Assignee, who thereafter shall be the sole and lawful owner of the Funds having all right, title, and interest to the same.

2.3 *Consideration*. The consideration herein given by Assignee to Assignor shall be the sum of redacted to be paid any lawful tender upon execution of this Agreement, receipt of the Funds, and fulfillment of the obligations hereunder.

2.4 Further Consideration. As further consideration, Assignor shall be entitled to 2/3 of any additional amounts recovered by Assignee over and above the Funds, or asset(s) herein assigned, if any. Assignor does however understand and acknowledge that payment of any further consideration that Assignor may be entitled to under this Agreement is only a contingent interest and is not guaranteed; is not to be considered or used to further an invalidation of this Agreement or the assignment herein contemplated; and is not a grant of any rights, additional rights or reservation of rights in the asset(s) herein assigned to Assignee.

2.5 *Power of Attorney*. To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC a its attorney-in-fact.

## 3. Closing.
The closing of the transaction herein contemplated shall be done immediately upon fulfillment of each parties obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deli an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee sha deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration contemplated herein. Any closing costs shall be paid by the party incurring such costs.

## 4. Representations and Warranties.

4.1 *Assignor*. Assignor does hereby represent and warrant that (a) he/she/it is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement, (b) that he/she/it is the sole and lawful entity entitled to the Funds herein assigned to Assignee, (c) that he/she/it has not otherwise pledged, sold, assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, whole or in part, providing such proof as may be necessary (d) that he/she/it is not involved in any legal proceeding that may affect any right to sell, assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he/she/it performs under this contract without undue influence or coercion on the party of the Assignee or any other party, and (f) that he/she/it shall cooperate with Assignee to fulfill his/her/its obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay

4.2 *Assignee*. Assignee does hereby represent and warrant that it has full power, authority and legal right to execute th Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement to Assignee.

## 5. General Provisions.

5.1 *Enforceability*. This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance its terms except as may be limited by operation of law.

5.2 *Binding Effect*. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

5.3 *Notices*. Any notices required to be provided hereunder shall be delivered to the address of each party as first stat above, or such other address of which each party may notice the other.

5.4 *Headings*. All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

5.6 *Mutual Writing*. This Agreement has been drafted by mutual contribution of the parties, and shall not be construe against either party due to authorship.

5.7 *Counterparts*. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

5.8 *Advice of Counsel*. Assignor has sought independent legal advice or hereby waives the opportunity to seek such l advice prior to the execution of this Agreement.

5.9 *Severability*. In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision s be removed, but all other provisions herein shall remain in full force and effect.

5.10 *Choice of Law*. This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

5.11 *Time of the Essence*. The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

Assignor: _/s/ Kristin R. Winchester_
Kristin R. Winchester

Assignee: _/s/_
Dilks & Knopik, LLC
Brian Bagwell - Senior Associate

# Dilks & Knopik

## ASSIGNMENT

For good and valuable consideration, receipt of which is hereby acknowledged, the undersigned, Kristin R. Winchester ("Assignor"), hereby, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced claim(s).

The purchase price for the Purchased Claim(s) is redacted

CLAIM(S) ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE PURCHASE AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this assignment to be executed as of the Tuesday, October 18, 2016.

Debtor: Timothy David & Joan Catherine Rettmann
Court: United States Bankruptcy Court - Western District Of Washington
Case Number: 11-24864-MLB
Chapter: 7
Original Creditor: Kristin R. Winchester
Unclaimed Amount: $2,642.23
Claim #: 6

x _/s/ Kristin R. Winchester_
Kristin R. Winchester





3637
AMERICAN FAMILY INSURANCE
527 MAIN ST
KEOKUK, IA 52632-5454

1-800-MY AMFAM (692-6326) | amfam.com

November 13, 2013

PC

+0003635    173-722
WINCHESTER, KRISTIN R
721 BANK ST
KEOKUK, IA 52632-4824

REGARDING YOUR FAMILY CAR POLICY FOR YOUR:
2005, CHRYSLER, PACIFICA TOURING; VIN:

**A change has been made to your policy**
Important documents enclosed, including your new Proof of Insurance cards

**Policy number**
redacted

Thank you for choosing American Family Insurance. We truly value you as our customer.